# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| CORDELL THOMAS and <br> DAMOND ROKER, <br><br>     Plaintiffs, <br><br> VS. <br><br> U.S. BANK NATIONAL <br> ASSOCIATION, et al., <br><br>     Defendants. | No. 15-2286-JDT-dkv |

## ORDER PARTIALLY ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE AND IMPOSING A LESSER SANCTION

On August 27, 2015, Magistrate Judge Diane K. Vescovo issued a Report and Recommendation (ECF No. 17) in which she recommends the dismissal of the complaint for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Plaintiffs filed an "Emergency Motion to Vacate Report and Recommendation of US Magistrate Judge and Reinstate Plaintiffs' Right to Prosecute Lawsuit" on September 3, 2015 (ECF No. 18). Plaintiffs' "motion" is actually an objection to the Report and Recommendation. To the extent that Plaintiffs' document can be considered a "motion," it is **DENIED**. For the reasons set forth below, the Report and Recommendation in this matter is **PARTIALLY ADOPTED**. The Court finds that the dismissal of the action is not appropriate at this juncture and that a lesser sanction should be imposed.

On August 3, 2015, Plaintiffs were ordered to appear before Magistrate Judge Vescovo for a status conference on August 12, 2015 (ECF No. 12). Plaintiffs failed to appear. Consequently, an Order to Show Cause was entered requiring Plaintiffs to appear in court on August 26, 2015, to show cause why this matter should not be dismissed for failure to prosecute (ECF No. 14). Although Plaintiffs were warned that failing to appear could result in the dismissal of the action, nonetheless, they did not appear. Defense counsel, who did appear, made an oral motion for dismissal. The Report and Recommendation for dismissal followed.

In their motion/objection, Plaintiffs state that Plaintiff Thomas was unable to appear for the Status Conference on August 12, 2015, because of a medical emergency. Plaintiff Thomas purportedly did not appear for the Show Cause Hearing because a "glitch within his email system" caused him to receive the notice of hearing late.[1] Plaintiff Roker did not appear at either hearing because of a "religious sabbatical he was undergoing as a clergyman."[2] Plaintiffs have not submitted affidavits or any other supporting documentation with their motion/objection nor have they explained why they did not notify the court of their intended absences prior to the hearings or ask that the hearings be rescheduled.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[3] Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[4]

---

[1] Pls' M/Obj. ECF No. 18

[2] *Id.*

[3] 28 U.S.C. § 636(b) (1); *see also* Fed R. Civ. P. 72(b)

[4] *Id.*

Rule 41(b) of the Federal Rules of Civil Procedure confers on district courts the authority to dismiss a case "[i]f the plaintiff fails to prosecute or comply with these rules or a court order...."[5] "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties."[6] "The dismissal of a claim for failure to prosecute is a harsh sanction which the court should order only in extreme situations showing a clear record of contumacious conduct by the plaintiff."[7]

The Sixth Circuit has identified four factors that are considered in reviewing a court's dismissal for failure to prosecute: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.[8] "Although typically none of the factors is outcome dispositive ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct."[9]

In the present case, the Court is concerned that Plaintiffs did not appear at either the scheduling conference or the show cause hearing. However, they have made some attempt to prosecute their case by filing an objection to the Report and Recommendation and by stating their intention to proceed with this matter. The case has only been pending a few months, and the only prejudice to Defendants is the expense of having their counsel appear at the two hearings.

---

[5] *Knoll v. AT & T*, 176 F.3d 359, 362–63 (6th Cir. 1999)

[6] *Id.* at 363 (brackets and internal quotation marks omitted)

[7] *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736–38 (6th Cir.2008) (internal citations omitted)

[8] *See Schafer*, 529 F.3d at 737

[9] *Knoll*, 176 F.3d at 363

Consequently, the Court finds that the lesser sanction of ordering Plaintiffs to pay the reasonable expenses of defense counsel associated with appearing at the two hearings is sufficient at this time to ensure Plaintiffs' compliance with the orders of the Court.

Accordingly, the Report and Recommendation of Magistrate Judge Vescovo is **PARTIALLY ADOPTED** to the extent that a sanction for Plaintiffs' failure to appear at the two hearings is warranted. The lesser sanction of awarding reasonable attorney's fees and expenses to Defendants for defense counsel's appearance at the hearings is hereby imposed. Defense counsel should submit to the Court an affidavit within ten (10) days of the entry of this order as to those fees and expenses. Plaintiffs will then have ten (10) days to submit payment to defense counsel.

Plaintiffs are warned that any failure to abide by the orders of the Court in the future, including payment to defense counsel, will result in the dismissal of the action.

IT IS SO ORDERED.

s/ S. Thomas Anderson

S.THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 28, 2015.